IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOSHUA WILLIAM JACKSON,<br>#54191-177,<br>    PLAINTIFF,<br><br>v.<br><br>WARDEN K. ZOOK,<br>    DEFENDANT. | §<br>§<br>§<br>§<br>§  CIVIL CASE NO. 3:21-CV-2944-N-BK<br>§<br>§<br>§ |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this action was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. Upon review of the relevant pleadings and applicable law, this case should be **DISMISSED WITHOUT PREJUDICE** as moot.

On December 15, 2021, Plaintiff Joshua William Jackson, a federal prisoner at FCI Seagoville, filed an amended complaint suing Warden Zook for denial of medical and dental care. Doc. 5 at 3-4. He seeks injunctive relief, including (1) repair of his torn ACL, (2) physical therapy for a prior ACL ligament repair, (3) dentures or dental implants, and (4) allergy tests to determine if he can be vaccinated for COVID-19 safely or, in the alternative, release to home confinement. Doc. 5 at 4.

However, Jackson's subsequent transfer to the Medical Center for Federal Prisoners in Springfield, Missouri, renders his claim for injunctive relief moot. *See Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (holding prisoner's transfer renders moot claim for declaratory and

injunctive relief).[1]  Moreover, just as in *Holiday*, "any suggestion of relief based on the possibility of transfer back to" the FCI Seagoville  "is too speculative to warrant relief." *Id*. Consequently, this case should be **DISMISSED WITHOUT PREJUDICE** as moot.

**SO RECOMMENDED** on January 31, 2022.

*[signature]*
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

---

[1] A search of the Federal Bureau of Prisons inmate locator confirms that Jackson is presently confined at the Springfield MCFP.  *See* https://www.bop.gov/inmateloc/ (last accessed on Jan. 26, 2022).